Donald **REYNOLDS**, Plaintiff,

v.

**SOLECTRON GLOBAL SERVICES,**
Defendant.

No. 03–2623 M1/P.

United States District Court,
W.D. Tennessee,
Western Division.

Feb. 28, 2005.

Darrell J. O'Neal, Law Office of Darrell J. O'Neal, Memphis, TN, for Donald Reynolds, Plaintiff, Pro se.

Eugene S. Forrester, Jr., Farris Mathews Branan Bobango Hellen & Dunlap, PLC, Memphis, TN, for Solectron Global Services, Defendant.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT

MCCALLA, District Judge.

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed January 23, 2004, to which Plaintiff responded on February 5, 2004. Also before the Court is Defendant's Motion to Dismiss, filed November 12, 2003, to which Plaintiff responded on January 4, 2004. For the following reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is GRANTED and Defendant's Motion to Dismiss is DENIED as moot.[1]

## I. Background

This case arises from Plaintiff Donald Reynolds' termination by his former employer, Defendant Solectron Global Services, for purportedly violating the company's sexual harassment policy. Plaintiff contends that Defendant discriminated against him on the basis of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e ("Title VII"). Defendant moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction because Plaintiff purportedly did not properly file charges with the Equal Employment Opportunity Commission ("EEOC") prior to commencing this suit.

On May 28, 2003, Plaintiff filed a charge of discrimination with the EEOC alleging that Defendant had discriminated against him on the basis of sex.[2] The EEOC issued a right to sue letter regarding that charge on May 28, 2003.

On August 22, 2003, Plaintiff filed his original Complaint in this action without the assistance of counsel. The Complaint, however, alleged only race and color discrimination. Plaintiff attached to the Complaint a copy of the right to sue letter for sex discrimination that he had received from the EEOC.

Defendant filed its first Motion to Dismiss on November 12, 2003, arguing that this Court lacked subject matter jurisdiction because the EEOC charge alleged sex discrimination while the Complaint asserted only claims for race and color discrimination.[3] Following the filing of this mo-

1. Also before the Court is Defendant's Motion for Summary Judgment, filed June 28, 2004, to which Plaintiff responded on July 20, 2004. The Court has reviewed the record and the parties' submissions, and determines that, had the Court not DISMISSED Plaintiff's claims, summary judgment would be GRANTED because Plaintiff has failed to adduce sufficient evidence to create a genuine issue of material fact regarding his claims.

2. Plaintiff's initial charge of discrimination alleged the following:

I was employed by the above company during September 2000 as Senior Escalation Technician and later assigned as acting Production Control Specialist (Team Leader). I have been subjected to unequal terms and conditions of my employment and discharged on 5-14-03.

Angela Oidas, Human Resource Specialist, told me I had violated the company policy by using inappropriate actions, including harassing behavior, unwelcomed/unsolicited comments and discussions of a sexual nature, and inappropriate "touches" of co-worker on premises.

I believe that I have been discriminated against because of my sex (male) in violation of Title VII of the Civil Rights Act of 1964, as amended. No investigation was conducted when I reported the females for sexually harassing me.

(Mem. in Supp. of Def.'s Mot. to Dism. Pl.'s Am. Cplt., Ex. A.)

3. All arguments Defendant raised in its Motion to Dismiss are also raised in its Motion to Dismiss Plaintiff's Amended Complaint. Therefore, Defendant's original Motion to Dismiss is DENIED as moot.

tion, Plaintiff retained Darrell J. O'Neal as counsel. .

On November 20, 2003, Plaintiff filed a second EEOC charge, this time alleging race and color discrimination.[4] The EEOC issued a right to sue letter for that charge on November 21, 2003. On December 23, 2003, Plaintiff's counsel filed an Amended Complaint, which added a claim for sex discrimination. Attached to the Amended Complaint was the second right to sue letter for race and color discrimination from the EEOC.

On January 23, 2004, Defendant again moved to dismiss Plaintiff's case. While Defendant's Motion to Dismiss Plaintiff's Amended Complaint purports to state both lack of subject matter jurisdiction and failure to state a claim for which relief can be granted as grounds for dismissal, Defendant's arguments relate only to lack of subject matter jurisdiction. Accordingly, the Court treats this motion as one for lack of subject matter jurisdiction.[5]

## II. Standard for 12(b)(1) Motion

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. When a Rule 12(b)(1) motion attacks the factual basis for subject matter jurisdiction, "the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir.2004)(citing, *inter alia, RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133–35 (6th Cir.1996)). If a court

determines that it lacks subject matter jurisdiction, "the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

## III. Analysis

Defendant contends that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction because Plaintiff did not file an EEOC charge alleging race and color discrimination before filing a Complaint with the Court. In order for a federal court to have subject matter jurisdiction over a Title VII claim, the claimant must first unsuccessfully pursue administrative relief. *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991) (citation omitted). In the Title VII context, this generally requires a Plaintiff to file a charge of discrimination with the EEOC and subsequently receive a "notice of right to sue" letter before filing suit. Federal courts do not have subject matter jurisdiction over a plaintiff's claim if that plaintiff fails to raise a Title VII claim before the EEOC. *Lowe v. Monrovia*, 775 F.2d 998, 1003 (9th Cir.1985).

The Court first addresses whether Plaintiff's filing of a charge of sex discrimination with the EEOC prior to filing his Complaint for race and color discrimination allows this Court to exercise subject matter jurisdiction over the race discrimination claim. Where a Plaintiff properly files a claim before the EEOC, the court has jurisdiction over claims explicitly filed in the EEOC charge and claims that "can reasonably be expected to grow out of the charge." *Abeita v. TransAmerica Mail-*

---

**4.** The allegations in Plaintiff's race discrimination EEOC charge are identical to his sex discrimination charge, except that Plaintiff states in his race discrimination charge: "I believe that I have been discriminated against because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended. No investigation was conducted when I reported the Black females for sexual-

ly harassing me." (Mem. in Supp. of Def.'s Mot. to Dism. Pl.'s Am. Cplt., Ex. B.)

**5.** On August 10, 2004, the Court entered an order staying this case pursuant to 11 U.S.C. § 362 of the Bankruptcy Code and denying, without prejudice, Defendant's motions to dismiss. On January 3, 2005, the Court GRANTED Defendant's motion to renew its previously filed dispositive motions.

*ings, Inc.*, 159 F.3d 246, 254 (6th Cir.1998)(citing *Ang*, 932 F.2d at 544–45). In determining whether Plaintiff's race discrimination claim could reasonably be expected to grow out of his sex discrimination charge, the Court is guided by the Sixth Circuit's decision in *Ang*, 932 F.2d 540. In that case, the plaintiff filed an EEOC charge alleging national origin discrimination and then filed a complaint alleging race discrimination. *Id.* at 544. The Sixth Circuit affirmed the district court's dismissal of the portion of the plaintiff's complaint alleging race discrimination, noting that national origin discrimination is distinct from race discrimination and that the EEOC indicated that they did not construe the national origin charge to include race discrimination. *Id.* at 546.

▆ Like the plaintiff in *Ang*, whose EEOC charge alleged a different type of discrimination from the discrimination alleged in his complaint, Plaintiff filed an EEOC charge alleging sex discrimination and a complaint alleging race and color discrimination. Plaintiff was unrepresented when he filed his original EEOC charge and Complaint, so the Court must broadly construe Plaintiff's original EEOC charge to determine if a race discrimination claim could be inferred from the sex discrimination claim. *Id.* Based on the Court's review of the record, the Court finds that Plaintiff's original EEOC charge supports a claim for sex discrimination but not race discrimination. Therefore, even a broad interpretation of Plaintiff's original EEOC

charges and Complaint indicates that, at the time of Plaintiff's Amended Complaint, this Court lacked subject matter jurisdiction over the race discrimination claim.

▆ The Court next addresses whether Plaintiff's post-Complaint filing of a charge of race discrimination with the EEOC and subsequent amendment to his Complaint to include the November 21, 2003, right-to-sue letter provided the Court with subject matter jurisdiction over his race discrimination claim. As noted above, in order for a federal court to have subject matter jurisdiction over a Title VII claim, the claimant *must first* unsuccessfully pursue administrative relief. *Ang*, 932 F.2d at 545. Although Plaintiff did eventually file a charge of race discrimination with the EEOC, he did so only *after* he filed his Complaint.[6] Plaintiff's amendment of his Complaint to include the November 21, 2003, right-to-sue letter, however, does not cure the jurisdictional defect in his Complaint.[7] Were this Court to hold otherwise, then any Plaintiff would be able to file a lawsuit prior to filing charges with the EEOC so long as a charge was subsequently filed. This would defeat the remedial scheme developed by Congress and the federal courts to implement Title VII and raise serious separation of powers concerns. Because the Court lacked subject matter jurisdiction over Plaintiff's claim at the time he filed his Amended Complaint, the Court had no power to consider his complaint, let alone his amendment to it.[8] Plaintiff's race discrim-

---

**6.** Although the failure to receive a right-to-sue letter from the EEOC is a mere condition precedent that may be waived by the parties' or the Court, *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000), the failure to file a charge of discrimination with the EEOC is a jurisdictional defect that may not be waived by the Court. *See Ang*, 932 F.2d at 545.

**7.** Were this a situation where a plaintiff merely failed to *allege* that he had unsuccessfully

pursued administrative relief, an amendment to the Complaint to show that such relief was pursued prior to the filing of a Complaint would be proper. In this case, however, Plaintiff failed to *pursue* such relief prior to filing a Court action.

**8.** When Plaintiff filed his Amended Complaint, he was represented by counsel. At that time, options may have existed to ensure that this Court would have subject matter jurisdiction over his race discrimination

ination claim is therefore DISMISSED for lack of subject matter jurisdiction.[9]

■ The Court next addresses whether Plaintiff's sex discrimination claim is untimely. Defendant contends that Plaintiff's ninety day window to file a lawsuit regarding his sex discrimination claim had expired by the time the Amended Complaint that added the sex discrimination claim was filed on December 23, 2003. Once the EEOC has issued a decision and a claimant has received notice of the decision, the claimant has ninety days to file a lawsuit. 42 U.S.C. § 2000e–5(f)(1). Here, the ninety day time limit had expired before the Amended Complaint was filed. Therefore, Plaintiff's sex discrimination claim is DISMISSED as untimely.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is GRANTED and Plaintiff's sex and race discrimination charges against Defendant are DISMISSED.

claim. Amending his complaint, however, was insufficient to furnish this Court with subject matter jurisdiction.

9. Although Plaintiff does not raise this argument, any contention that Plaintiff's second EEOC charge could potentially relate back, as an amendment, to his original EEOC charge must fail, because the notice of right to sue

that was issued indicates that there was no longer a charge pending before the EEOC that could have been amended. *See Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir.1994) (finding that "where, as here, a right to sue letter has issued, a suit has been instituted and the EEOC has closed its file, there is no longer a charge pending before the EEOC which is capable of being amended.")